Milton Greenberger v. Commissioner.
Greenberger v. Commissioner
Docket No. 13446.
United States Tax Court
1948 Tax Ct. Memo LEXIS 174; 7 T.C.M. (CCH) 346; T.C.M. (RIA) 48102; June 3, 1948
Lawrence S. Newmark, Esq., and William B. Berger, Esq., 10 So. La Salle St., Chicago, Ill., for the petitioner. Jackson L. Boughner, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of $85,527.19 for 1943 and $100,547.32 for 1944. The only issue for decision is whether the petitioner is taxable with all or only 14 per cent of the net income of a business allegedly operated by a partnership consisting of the petitioner, his wife, and three trusts for th& benefit of his children. Findings of Fact The petitioner filed his individual income tax returns for the taxable years with the collector of internal revenue for the first district of Illinois. The *175 petitioner had been employed for many years prior to 1926 to represent steel mills in the sale of their products. He went into business for himself in 1926 by forming a corporation, Steel Mill Products Company, hereafter referred to as the corporation. He paid in $2,500 cash for all of the shares of stock of the corporation. He gave 70 per cent of the stock of the corporation to his wife in 1936 and, thereafter, she received and kept, as her own, a large amount of dividends on that stock. The petitioner and his wife, on January 16, 1941, created an irrevocable trust for each of their three children. The petitioner transferred a 5 per cent stock interest and his wife a 12 per cent stock interest in the corporation to each of those trusts. The corporation was dissolved on November 28, 1941 and, on the next day the petitioner, his wife and the trustees of the three trusts entered into an agreement under which the petitioner and his wife, described as general partners, were to have interests of 14 and 35 per cent, and the three trusts, described as limited partners, were to have interests of 17 per cent each in the profits of the business. Losses were to be shared in those same proportions, *176 except that the limited partners' losses were not to exceed their capital contributions. Salaries for services actually rendered by the general partners were to be deducted in determining the profits. The petitioner contributed $1,400, his wife contributed $3,500, and each of the trustees contributed $1,700, as capital. The wife had never performed any services for the business. She and the trustees were not expected to perform, and none of them performed, any services for the business after November 29, 1941. The business was to act as exclusive sales agent on commissions for 12 or 13 steel mills in the midwestern states. No inventories were carried and materials were purchased only in occasional emergencies when the mills represented were unable to fill existing orders of customers. More than 98 per cent of the income of the business for the taxable years consisted of commissions. The corporation filed a return and was taxed for 1941 as a personal service corporation within section 725. The business continued thereafter without change material hereto, except that, as the mills represented and the customers went into war work, the petitioner and his employees rendered additional *177 personal services to the mills and to the customers. About 15 persons were employed, most of whom were salesmen or sales engineers in 1943. All but one of them were paid on a salary and bonus basis. The petitioner managed the business and consulted with employees, mills and customers. He was personally familiar with about 100 of the 700 customer plants dealt with during the taxable years and was given credit for 24 per cent of the commissions earned in 1943 and 37 per cent of those earned in 1944. His "salary" for the taxable years was $45,000. The balance sheets for the taxable years show liabilities in negligible amounts and net fixed assets of $742.43 for 1943 and $1,823.91 for 1944. The net income of the business before any deduction for the "salary" of the petitioner was $138,914.14 for 1943 and $173,813.76 for 1944. The petitioner withdrew his salary and the balance of those amounts was distributed in accordance with the agreement of November 29, 1941. The Commissioner, in determining the deficiencies, included in the petitioner's income all of the net income of the business for the years 1942, 1943 and 1944. He gave the following explanation: "It is held that during the *178 year 1942 the business carried on under the name of Steel Mill Products Company was not for Federal income tax purposes a valid partnership * * * accordingly, the entire net income of Steel Mill Products Company * * * constitutes income taxable to you under the provisions of Section 22 (a) of the Internal Revenue Code." Capital was not a material income producing factor in the operation of the business during the taxable years. The wife and the trustees of the three trusts did not perform any services for the business during the taxable years. The petitioner, his wife, and the trustees of the three trusts did not constitute a valid partnership for federal income tax purposes during the taxable years. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner argues that the various transfers were all legal and binding, were made to protect his wife and children, to give them independent estates, to interest them in the business and to teach them how to take care of their affairs in case anything should happen to the petitioner, the income was not intended or used to relieve him of his obligations to his *179 family, and although, another purpose was to reduce his taxes, nevertheless, the income should be taxed to the various taxpayers in accordance with the agreement of November 29, 1941. He conceded that he would not have taken anyone outside his immediate family into his business on a similar basis. One of his sons worked for the business on a small salary during the taxable years but neither of the other two children, nor the wife, nor the trustees performed any services for the business. They took no part in the management of the business. The petitioner was the sole manager and, with a few key employees was, apparently, entirely responsible for the success of the business. The wife and the trusts did nothing to earn any part of the income of this business during the taxable years. The small amounts of capital which they contributed were not a material income producing factor and it appears that the petitioner had all of the capital that was necessary to conduct the business. If capital had been a material income producing factor of the corporation, it could not have been classified as a personal service corporation for 1941. Furthermore, the capital contributed by the trusts had been *180 a gift to them from the petitioner and his wife within the same year. Cf. Commissioner v. Tower, 327 U.S. 280. The wife, of course, had had a 70 per cent interest in the stock of the corporation for more than four years but that seems of little consequence in view of the facts that the corporation was dissolved, she contributed no services to the business during the taxable years, capital was not a material income producing factor and the petitioner, assisted by a few key employees, under his direct supervision, was in effect the business, which consisted of the rendition of personal services. Commissioner v. Tower, supra; William G. Harvey, 6 T.C. 653. Decision will be entered for the respondent.